UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FRANK L. JONES, )
)
         Petitioner, )
)
   vs. ) No. 1:16-cv-00322-LJM-DML
)
SUPERINTENDENT New Castle Correctional )
Facility, )
)
         Respondent. )

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Frank Jones for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. NCN 15-10-0022.[1] For the reasons explained in this Entry, Jones's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for

---

[1] Jones challenged three disciplinary convictions in his petition for a writ of habeas corpus, but because a prisoner can challenge only one disciplinary proceeding per habeas petition, his challenges were severed into separate lawsuits. Dkt 1. This action is proceeding as to the disciplinary proceeding identified as NCN 15-10-0022.

the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On October 6, 2015, Internal Affairs Officer Dunn issued a Report of Conduct charging Jones with possession of a cellular device in violation of Code A-121. The Report of Conduct states:

> On the above date and approximate time I, Investigator Dunn, completed my investigation regarding Frank Jones #912612 attempting to introduce contraband into New Castle Correctional Facility. On 9/24/15 I. A. Dunn received a phone call from mailroom supervisor, Jenny Gibson regarding offender Frank Jones #912612 television that was received at the facility. Mailroom supervisor Gibson advised Internal Affairs to come look at the television because there were items inside it. Myself and Investigator Williams reported to the mailroom to take the television apart and pulled out four bags of tobacco weighing 8.1 oz. Captain Rice, UTM Price, and myself brought the television in the box to UTM Price's office in O-Unit. Offender Jones was brought to UTM Price's office to accept the television. Jones was asked if he sent out his television to be repaired, Jones stated yes. Offender Jones was asked to sign a paper acknowledging he received his television. Offender Jones signed the paper taking ownership of his television. Jones was then instructed to remove the television from the box. Offender Jones left UTM Price's office with his television. As Jones was walking thru the main door to O-Unit, I advised Jones to put the television down and advised Jones that 12 cell phones were confiscated out of his television and that he would be receiving a conduct report.

Jones was notified of the charge on October 9, 2015, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). The Screening Officer noted that Jones refused screening, thereby refusing any witnesses or evidence. Several Incident Reports were completed prior to the Report of Conduct being issued. One of the reports was completed by Officer J. Gibson and states:

2

> On the above date and time, I J. Gibson was going through the packages, when I came across a box that had been refused from Pen Products from offender Frank Jones 912612 01-108A. Box was suspicious as it had return label from Michigan City but was appearing to be sent from offender Jones 912612 out for repair. I J. Gibson opened the box and noticed a foul smell. I J. Gibson took the TV out and noticed there was contraband inside. I.A. Williams was notified right away. Property was turned over to I.A. Williams.

One of the reports was written by Captain S. Rice and states:

> On the above date and time, I Captain S. Rice witnessed IA J. Dunn and I.A A. Williams open a TV with offender Frank Jones 912612 01-108A name engraved on it. As I.A Dunn removed the back of the TV, he removed 12 cell phones, some green leafy substance, a brown leafy substance, a scraper and a tube of super glue. After all contraband was removed, I.A Dunn and myself placed the TV back in the box and took it to offender Jones. Offender Jones was ask[ed] if the TV belong[ed] to him and he said yes and signed for it. I.A Dunn then confiscated the TV and advised offender Jones he would be receiving conduct for the contraband.

Officer Williams also completed an Incident Report that states:

> On the above date and time, Mailroom Supervisor Gibson contacted Internal Affairs regarding a suspicious package received through the mailroom. Upon arrival, Mrs. Gibson stated the television was not sent out through the facility but sent by an outside person to PEN products. PEN products did not open the package, rejected it, and it was sent to the return address on the box. The return address on the package was to Frank Jones #912612, New Castle Correctional Facility. The package contained a television with Frank Jones' name and DOC # on it. Inside the television were 12 cell phones, mar[i]juana, tobacco, box cutters, black electrical tape, and super glue. Offender Jones then signed [] for the television. He also reported to his CWM that he sent the television out for repair and expected it back.

The Hearing Officer conducted a disciplinary hearing on October 12, 2015. The Hearing Officer noted Jones' statement, "I sent the TV out and yes it's my TV but where is the video showing [the cell phones]t coming out of my TV." Relying on the staff reports, the statement of the offender, the evidence from witnesses, and the photos, the Hearing Officer determined that Jones had violated Code A-121. The sanctions imposed included a commissary and phone restriction, 180 days of disciplinary segregation, and the deprivation of 180 days of earned credit

time, and the demotion from credit class II to class III. The Hearing Officer imposed the sanctions because of the seriousness of the offense, the offender's attitude and demeanor during the hearing, and the degree to which the violation disrupted or endangered the security of the facility.

Jones's appeals were denied and he filed the present petition for a writ of habeas corpus.

**C. Analysis**

Jones challenges the disciplinary conviction arguing that he never possessed the cell phones. In other words, Jones challenges the sufficiency of the evidence used to convict him. In reviewing the sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see also Meeks v. McBride,* 81 F.3d 717, 720 (7th Cir. 1996) ("because the 'some evidence' standard . . . does not permit courts to consider the relative weight of the evidence presented to the disciplinary board, it is '[g]enerally immaterial that an accused prisoner presented exculpatory evidence unless that evidence directly undercuts the reliability of the evidence on which the disciplinary authority relied' in support of its conclusion")(*quoting Viens v. Daniels,* 871 F.2d 1328, 1335 (7th Cir. 1989)). Instead, the "some evidence" standard of *Hill* is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson,* 188 F.3d at 786.

Here there was sufficient evidence to convict Jones of possession of the cell phones. The evidence included staff reports and photos of the contraband. The staff reports stated that Internal Affairs Investigators Dunn and Williams inspected a suspicious package that was addressed to Jones. The television box was not sent out through the facility but was sent by an outside person to

4

PEN Products. PEN Products did not open the package, rejected it, and mailed the box to the return address, which was Jones at New Castle Correctional Facility. The television box had Jones' name and DOC # on it and contained 12 cell phones and other contraband. The staff reports also show that the television was brought to UTM Price's office and that after being brought to the office and asked if the television was his, Jones replied that it was. Jones stated that he had sent his television out for repair and expected it back. Jones signed an acknowledgement form and began to leave with the television and was then instructed to put it down. This evidence is sufficient to conclude that Jones coordinated the shipment of the television with another person and was expecting it to arrive at the facility, such that Jones took possession of his television having knowledge of the cell phones contained therein. These facts are sufficient to find Jones guilty of possession of the cell phones.

Jones argues that the evidence is insufficient because there is no video showing the items in the TV. But the "some evidence" standard does not require video evidence. The officers' reports are enough. *See McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999) (conduct report is enough to satisfy the some evidence standard). Jones has therefore failed to show that the evidence against him was insufficient.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Jones to the relief he seeks.

Accordingly, Jones's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 4/27/2017

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

FRANK L. JONES
912612
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

All electronically registered counsel